GALLUP v. WILLIAMS, State Comptroller.

(Supreme Court, Appellate Division, Third Department.    June 29, 1910.)

**1. OFFICERS (§ 76*)—CIVIL SERVICE—REMOVAL OF CLERK—EVIDENCE.**

In a proceeding to compel a State Comptroller to reinstate a clerk charged to have been removed for political reasons in violation of Civil Service Law (Consol. Laws, c. 7) § 25, it was improper to exclude the comptroller's evidence that the clerk, without experience and without any particular reason, was brought into the office by a preceding comptroller and was placed over men who had faithfully served in the department and who were required to instruct him in the performance of his duties, and that his advancement was detrimental to the service; and the comptroller could show reasons for the removal assigned to the friend of the clerk sent to intercede for the clerk, it appearing that such reasons were communicated to the latter.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 108; Dec. Dig. § 76.*]

**2. OFFICERS (§ 76*)—CIVIL SERVICE—REMOVAL OF CLERK.**

In a proceeding to compel a State Comptroller to reinstate a clerk charged to have been removed for political reasons in violation of Civil Service Law (Consol. Laws, c. 7) § 25, it was error to permit the clerk to show a letter written by him to the comptroller stating that the Civil Service Commission had reported a finding that the removal was for such reasons.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 108; Dec. Dig. § 76.*]

**3. OFFICERS (§ 69*)—CIVIL SERVICE—REMOVAL OF CLERK—OFFICIAL POWER.**

The only limitation on a State Comptroller's power to remove a clerk is the prohibition by Civil Service Law (Consol. Laws, c. 7) § 25, against a removal for political reasons.

[Ed. Note.—For other cases, see Officers, Dec. Dig. § 69.*]

**4. OFFICERS (§ 76*)—CIVIL SERVICE—REMOVAL OF CLERK—EVIDENCE.**

In a proceeding to compel a State Comptroller to reinstate a clerk charged to have been removed for political reasons in violation of Civil Service Law (Consol. Laws, c. 7) § 25, the comptroller could show every fact referring to the duties of the clerkship, the manner of the appointment and the removal; but he could not question the fact that the clerk legally held his position up to the time of removal.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 108; Dec. Dig. § 76.*]

**5. OFFICERS (§ 76*)—CIVIL SERVICE—REMOVAL OF CLERK—EVIDENCE.**

In a proceeding to compel a State Comptroller to reinstate a clerk charged to have been removed for political reasons in violation of Civil Service Law (Consol. Laws, c. 7) § 25, the comptroller could show a letter written by him to the Civil Service Commission after the removal, requesting that the commission fill the place and recommended a particular person as the only employé in the department competent to fill the position and could show that such person had filled the position since the removal.

[Ed. Note.—For other cases, see Officers, Cent. Dig. § 108; Dec. Dig. § 76.*]

Appeal from Trial Term, Albany County.

Application by Earl H. Gallup for mandamus against Clark Williams, Comptroller of the State of New York. From a judgment for relator, defendant appeals. Reversed, and new trial granted.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The relator applied for a peremptory writ of mandamus requiring the State Comptroller to reinstate him in the position of chief clerk of the Transfer Tax Bureau in his office, from which position he was removed April 10, 1909, as he alleged, on account of his political opinions and affiliations, in violation of section 25 of the civil service law (Consol. Laws, c. 7). The defendant denied the removal was for political reasons, and alleged that it was solely because the relator was not of sufficient experience to properly perform the duties of the position and was not personally in accord with the comptroller and not a proper person to fill an office, the confidential relation of which was so close, with effectiveness or harmony, and denied that the relator was willing and able to perform the duties of the position, and alleged that the best interests of the department require and will be promoted by the absence of the relator therefrom. The issues thus raised were brought to trial before the court and a jury. The question submitted to the jury was whether the relator was removed from his clerkship on account of his political opinions or affiliations, which the jury answered in the affirmative.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Edward R. O'Malley, Atty. Gen. (Franklin Kennedy, Deputy, of counsel), for appellant.

Lewis E. Carr, for respondent.

JOHN M. KELLOGG, J. The determination of the jury rests solely upon the evidence of the relator that the comptroller and his deputy informed him, in substance, that his place was wanted for political reasons, but he might serve 30 days longer, and that at the end of said 30 days he was removed, and the relator detailed some of the duties of his office. The defendant sought to show that the relator, a young man without experience in the business of the department, without any particular reason, was brought into the comptroller's office by the Democratic predecessor of the Republican comptroller, Gaus, and was placed in a position over men who had faithfully served in the department and who had in fact had to assist and instruct him in the performance of his duties, and that his promotion to the clerkship from which Comptroller Gaus removed him was made without due consideration of the faithful service of men who had been in the office for a long time, who ranked the relator in experience and knowledge of the duties of the position, and that such undue advancement of a person without experience tended to demoralize the force and had a prejudicial influence throughout the comptroller's office, and attempted to show in detail the duties and skill and experience which were required of a man to properly fill the position from which the relator was removed. This evidence was rejected, apparently for the reason that the defendant had admitted that the relator was duly appointed, notwithstanding the fact that the defendant's attorney explained that they were not attacking the validity of the appointment, but were simply seeking to show that the appointment was made in an extraordinary manner, not upon merit, and that by leaving the relator in a position to which he was appointed in such a manner over his superiors in the service was detrimental to the service. The evidence offered had a tendency to show that the removal was made for the supposed interest of the service, and was not for political purposes.

The relator sent his friend Fuller to the comptroller, apparently before the removal, to intercede for him, and the defendant sought to show the conversation that took place between Fuller and the comptroller and the reasons which the comptroller advanced for desiring to remove the relator, and that these statements were communicated by Fuller to the relator. This evidence was excluded. Inasmuch as the relator had sworn in detail as to the reasons given by the comptroller, and as his case rests entirely upon such statement, not only as bearing upon the real cause of the removal, but also as bearing upon the relator's understanding of the real cause, it was proper to show what reasons the comptroller assigned to Fuller for the removal about to take place and which Fuller communicated to the relator.

The relator was permitted, over defendant's objection, to put in evidence a letter written by him to the comptroller asking his reinstatement, in which letter he recited that the Civil Service Commission had made a report in which it found that relator's removal was for political reasons, in violation of section 25 of the civil service law (Consol. Laws, c. 7), and relator's counsel, in summing up, referred to this letter and commented upon it, claiming that the evidence showed that the Civil Service Commission had already determined that the removal was for political reasons. The defendant requested the court to direct the jury to disregard the statements of the relator's counsel with reference to such report and finding by the Civil Service Commission, which the court declined, and the defendant excepted. At the close of the charge, the relator's counsel asked the court to charge that the jury may take into consideration the contents of that letter, which the court charged and to which the defendant excepted. The determination of the Civil Service Commission was not a proper matter for the consideration of the jury, and it is probable that the defendant was prejudiced by the receipt in evidence of the letter and the prominence given to it by the discussion between the counsel and the court and the action of the court thereon.

The sole issue was whether the relator was removed for political reasons, and any fact or circumstance properly bearing upon that matter was proper for consideration. It is not seriously disputed that the comptroller had the power to remove the relator from his position for any reason which to the comptroller might seem to make a change desirable, except for the reason prohibited by section 25 of the civil service law. The comptroller might come to a wise or an unwise conclusion; reason logically or illogically; there might or might not be adequate cause or reason; the act might be just or unjust towards the relator—nevertheless the power of removal rested with the comptroller, and he was unhampered, except that he must not remove for political reasons. Any and all other reasons, good or bad, which might actuate him, are beyond the reach of the civil service law. The comptroller who made the removal is dead, and we can only ascertain his motives by a consideration of all the facts. The defendant has the right to place before the jury every fact with reference to the duties of the office, the manner of the appointment, and the removal of the relator. He could not, however, question the fact that relator was legally holding office up to the time of his removal. Many matters urged by the

defendant were excluded over his exception.  It was necessary for the jury to understand them in order that it might intelligently determine whether the relator was removed for political reasons, or whether the action rested upon some other cause or reason.

The appointment of the successor to the relator probably was in the mind of the removing officer at the time, and must have entered somewhat into the reasons for the removal.  The relator was removed April 10th.  April 14th the comptroller by letter notified the Civil Service Commission of the vacancy and requested it to provide for filling the same.  He informs it of the importance of the position, and some of the duties attached to it, and then recites that Mr. McElroy, a practicing attorney of 25 years' standing, assistant chief clerk of the Transfer Tax Bureau for 8 years, who had acted as special surrogate for 6 years, is the only employé in the department competent to take the responsibility and efficiently and satisfactorily discharge the duties of the position, and he hopes for the good of the service that the rules will permit, and that favorable action will enable, the comptroller to appoint Mr. McElroy to the vacancy.  This letter was rejected.  I think it was so far a part of the removal that it had some bearing upon the question whether the relator was removed for political reasons. It showed at least that the comptroller, now deceased, knew that the Civil Service Commission and not himself must provide for filling the vacancy, and that he thought the duties of the position were of great importance and required a man of great experience, and that no one in that office except Mr. McElroy was really capable of satisfactorily discharging its duties.  It carries with it the inference that perhaps the removal had in view the substitution of Mr. McElroy in the relator's place.

At the time of the removal, did the comptroller desire to put Mr. McElroy in the position then occupied by the relator?  Was the desire to remove and the desire to appoint Mr. McElroy a continuous act, or were they related;  and, if so, was the removal because one was a Democrat and the other a Republican, or was it for other reasons, perhaps a mere matter of preference, perhaps a feeling that one was more deserving than the other by reason of previous service, perhaps for some other good reason, and perhaps for no logical reason at all? This letter had a bearing upon the question.  The request that the Civil Service Commission fill the place, and the comptroller's recommendation of McElroy, were facts which had a bearing upon the state of mind of the comptroller when the removal was made.  They certainly deserve to be considered by the jury.

It was also competent to show that Mr. McElroy had performed the duties of chief clerk since the removal of the relator, and that he had filled the position since the relator's removal.  This bore upon the general question before the jury, and also tended to establish the entire familiarity of Mr. McElroy with the duties of the position.

The judgment and final order should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event.  All concur.