THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN F. AMBROSE, Appellant, *v.* CALVIN TOMPKINS, as Commissioner of the Department of Docks and Ferries in the City of New York, Respondent.

Civil service — New York (city of) — removal of official from position in competitive class without hearing upon charges against him — alternative writ of mandamus — erroneous exclusion of evidence offered to show illegality of relator's removal.

An official of the department of docks of the city of New York, whose position is in the competitive class, was removed by the commissioner of the department upon charges of incompetency.   Upon his petition alleging that the charges were " trumped up, preferred

23

and made for political reasons only" an alternative writ of man-
damus was issued. At the trial, before the jury, of the issues raised
thereon, the relator offered in evidence the rules and regulations of
the civil service commission of the city of New York, which were
excluded upon the ground that they were immaterial. *Held,* that
such rules, having been approved by the state civil service commis-
sion, were competent as evidence and that relator was entitled to
have the rules of the civil service commission, governing the posi-
tion held by him, and any inhibition upon his removal for political
reasons, considered by the jury. *Held,* further, that upon the trial
of the issue presented a conversation between the parties relative
to the cause of the removal, as to whether or not it was for political
reasons, was competent and the exclusion of the same was error.

*People ex rel. Ambrose* v. *Tompkins,* 149 App. Div. 946, reversed.

(Argued March 3, 1913; decided May 6, 1913.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the first judicial department, entered
March 29, 1912, which affirmed an order of Special Term
dismissing an alternative writ of mandamus to compel
the reinstatement of the relator in the position of super-
intendent of municipal ferries in the city of New York,
after trial of the issues before a jury resulting in a
directed verdict in favor of defendant; also, appeal from
a judgment entered upon said order and from an order
denying a motion for a new trial.

The appellant was appointed superintendent of munici-
pal ferries of the city of New York on the 23rd day of
January, 1906. The position originally was in the exempt
class of the civil service, but in June, 1909, was placed in
the competitive class by action of the civil service com-
mission of the city of New York with the approval of the
mayor and the state civil service commission, and classi-
fied in part 11, class 2, grade 5.

February 10th, 1910, written charges of incompetency
with specifications were served upon the relator together
with notice requiring him to appear before the respond-
ent commissioner of docks and ferries on the 14th day

of February, 1910, and present his explanation of the charges so made. On the adjourned day, February 17th, 1910, relator filed an answer to the charges. On the same day relator was adjudged guilty and removed from his position. Asserting that his removal was arbitrary and illegal, relator applied for and obtained an alternative writ of mandamus, which recited that the verified complaint of the relator showed " that the charges and specifications were not made in good faith by the said Honorable Calvin Tompkins, a Commissioner of the Department of Docks and Ferries, but were trumped up, preferred and made for political reasons only, and that the charges of incompetency were absolutely false and untrue. * * * that when Calvin Tompkins, Esq., was only a day or two in the office of Commissioner of Docks and Ferries he peremptorily, orally and giving no reason demanded the relator's resignation from the position of Superintendent of Municipal Ferries and that he was not then himself familiar with or conversant with the conditions in the Department and particularly with the business of the Municipal Ferries and had absolutely no acquaintance with the relator * * * that the charges of incompetency and the specifications are not the true ground for the removal of the relator as provided for in section 1543 of the charter of the City of New York * * * that the removal of the relator on the 17th day of February, 1910, was contrary to law."

The allegations in the alternative writ, above quoted, were denied in the return made by the respondent, and the issue joined was brought on for trial at a Trial Term before a jury. At the close of the case the trial justice directed a verdict for the defendant, and the judgment entered was affirmed by the Appellate Division.

*Eugene Lamb Richards, Jr.,* and *William A. Sweetser* for appellant. Evidence offered by the relator, for the purpose of establishing that his removal had been for

political reasons predetermined, and that a request for his resignation had been made before the charges were preferred and served, was competent, material and relevant, and its exclusion was erroneous. (*People ex rel. Gallup* v. *Williams*, 139 App. Div. 355.) Testimony of the relator, offered for the purpose of establishing that the charges were not made in good faith, and for the further purpose of emphasizing that the charges and specifications were not founded in fact was improperly excluded. (*Matter of Griffin*, 202 N. Y. 110; *People ex rel. Gallup* v. *Williams*, 139 App. Div. 355; *People ex rel. Munday* v. *Fire Comrs.*, 72 N. Y. 449; *People ex rel. Mitchell* v. *La Grange*, 2 App. Div. 444; *People ex rel. Hart* v. *La Grange*, 7 App. Div. 311; *People ex rel. Boyd* v. *Hertle*, 46 App. Div. 505; *People ex rel. Jones* v. *Diehl*, 53 App. Div. 645; 165 N. Y. 643; *People ex rel. Percival* v. *Cram*, 50 App. Div. 380; *Matter of Griffin* v. *Thompson*, 202 N. Y. 110.)

*Archibald R. Watson, Corporation Counsel* (*Terence Farley* and *Harry Crone* of counsel), for respondent. There was no issue before the court that the relator was removed by the dock commissioner in bad faith and for political reasons, and no relevant or competent evidence on such issue was offered by the relator. (Merrill on Mandamus, § 255; *Wood* v. *Amory*, 105 N. Y. 278; *Barhite* v. *Home Tel. Co.*, 50 App. Div. 25; *Wallace* v. *Jones*, 83 N. Y. 152; *Knowles* v. *City of New York*, 176 N. Y. 430; *Hearst* v. *McClellan*, 102 App. Div. 336; *Reilly* v. *Mayor, etc.*, 96 N. Y. 331; *Bank* v. *Koch*, 105 N. Y. 630; *Matter of Stutzbach*, 62 App. Div. 219; *People ex rel. Gallup* v. *Williams*, 139 App. Div. 355.)

Hogan, J. The question to be determined on the trial of the case at bar was raised by the alternative writ of mandamus and the return, viz., that the charges were "trumped up, preferred and made for political reasons,

only," thereby rendering the removal of relator contrary to law. Relator was entitled to present for the consideration of the jury facts pertinent to that issue, and sought to introduce in evidence certain rules and regulations of the civil service commission of the city of New York, which were produced by the secretary, who was called as a witness by the relator. The evidence was objected to by counsel for respondent, the objection was sustained by the trial justice upon the ground "that it is immaterial in this proceeding," to which exception was taken. The civil service rules having been approved by the state civil service commission were competent as evidence. (*People ex rel. Sears* v. *Tobey*, 153 N. Y. 381.) Relator was entitled to have the rules of the civil service governing the position held by him and any inhibition upon his removal for political reasons considered by the jury. It was error to reject the evidence.

Section 1543 of the charter of the city of New York (L. 1901, ch. 466) provides:

" No regular clerk or head of a bureau, or person holding a position in the classified municipal civil service, subject to competitive examination, shall be removed until he has been allowed an opportunity of making an explanation; and in every case of a removal, the true grounds thereof shall be forthwith entered upon the records of the department or board or borough president, and a copy filed with the municipal civil service. In case of removal, a statement showing the reason therefor shall be filed in the department."

In compliance with that section charges were made and served on the relator, to which he made answer, and after examination of the charges relator was removed from office.

From the alternative writ it would appear that respondent had been commissioner of the department of docks from about January 1st, 1910. While relator was upon the stand he testified he had known respondent since

January 3rd, 1910; that he met him on January 5th, 1910, in his office on pier A. He was asked the following question: " Q. What conversation did you have with him or what did he say to you? Q. Did Mr. Tompkins say to you ' I want your resignation from office?' Q. Did you say to Mr. Tompkins in that conversation ' I am in the competitive class of the Civil Service and you cannot have my resignation?' Q. Did Mr. Tompkins say to you in that conversation ' I want your resignation because I want somebody as Superintendent of Municipal Ferries in sympathy with me?'" Each question was objected to as incompetent, immaterial, irrelevant, not pleaded, and each objection sustained and exception taken.

If we assume for argument's sake that the respondent had stated to relator that a failure on the part of the latter to resign would result in his removal from office for the reason that relator was not affiliated with the same political party of which respondent was a member we do not believe the admissibility of such evidence would be questioned. Upon the trial of the issue presented in this proceeding the conversation between the parties relative to the cause of the removal, as to whether or not it was for political reasons, was competent and the exclusion of the same was error.

For the reasons stated, the order should be reversed and a new trial ordered, costs to abide the event.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT and CHASE, JJ., concur; GRAY and COLLIN, JJ., dissent.

Order reversed, etc.