In the Matter of THE PEOPLE OF THE STATE OF NEW YORK ex rel. RICHARD V. SOMERVILLE, Appellant, *v.* FRANK M. WILLIAMS, as State Engineer and Surveyor of the State of New York, Respondent.

Civil service — mandamus — person in competitive class, who is removed for political reasons, entitled to reinstatement by mandamus.

One holding an office in the competitive class of the state civil service who is removed solely for political reasons is entitled to reinstatement, and on review of conflicting authorities, *held*, that mandamus is the only and appropriate remedy for that purpose. (Civil Service Law [Cons. Laws, ch. 7], § 25.)

*People ex rel. Somerville* v. *Williams*, 171 App. Div. ——, reversed.

·(Argued January 5, 1916; decided January 18, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered December 7, 1915, reversing, as matter of law, an order of Special Term granting a motion for an alternative writ of mandamus to compel the reinstatement ·of the relator in the position of chief clerk in the office of the state engineer and surveyor.

The facts,.so far as material, are stated in the opinion.

*Denis R. O'Brien* and *Alfred J. Talley* for appellant. Under section 25 of the Civil Service Law relator is entitled to redress for removal for political purposes. (*People ex rel. McKeown* v. *Ludwig*, 215 N. Y. 389; *People ex rel. Goldschmidt* v. *Travis*, 167 App. Div. 475.)

*E. E. Woodbury, Attorney-General* (*James S. Y. Ivins* of counsel), for respondent. The relator is not entitled to a writ of mandamus under section 25 of the Civil Service Law. (*People ex rel. Garvey* v. *Prendergast*, 148 App. Div. 129; *People ex rel. Ryer* v. *Voorhis*, 151 App. Div. 926; *People ex rel. Stewart* v. *Carlisle*, 161 App. Div. 920; *People ex .rel. Semmig* v. *Hugo*, N. Y. L. J., July 16, 1915.)

SEABURY, J. This appeal presents for determination a single question of law, viz., whether one who holds an office in the competitive class of the state civil service who is removed solely for political reasons is entitled to reinstatement. Upon being removed by the state engineer and surveyor from his position as chief clerk in the office of the respondent, the relator obtained from the Special Term an alternative writ of mandamus directing his reinstatement. The ground upon which the relator applied for the writ was that he had been removed solely for political reasons. The Appellate Division have reversed the order granting the alternative writ as a matter of law and not in the exercise of discretion. It is, therefore, unnecessary for us to review the facts stated in the petition and the answering affidavits. The learned Appellate Division ruled that assuming that the relator had been removed solely for political reasons, he could not be reinstated. With this conclusion we are unable to agree. The purpose sought to be accomplished by the Civil Service Law is now a matter of common knowledge. That purpose was to require all appointments within the law to be based solely upon merit and not to be made as a reward for political and partisan services. The neces-

sity for the enactment of the law and the purposes sought to be accomplished by it were lucidly set forth in the opinion of Judge Peckham in *Rogers* v. *Common Council of Buffalo* (123 N. Y. 173). If the object of the law is to be attained, it is essential not only that appointments to office that are within the law shall not be governed by political and partisan considerations, but also that those who have been appointed as a result of competitive examinations shall not be subject to removal upon these grounds. That it was the intention of the legislature to establish such a rule appears from section 25 of the Civil Service Law (Cons. Laws, ch. 7), which provides as follows:

"§ 25. Recommendation for appointment or promotion.— No recommendation or question under the authority of this chapter shall relate to the political opinions or affiliations of any person whatever; and no appointment or selection to or removal from an office or employment within the scope of the rules established as aforesaid, shall be in any manner affected or influenced by such opinions or affiliations. No person in the civil service of the state or of any civil division or city thereof, is for that reason under any obligation to contribute to any political fund or to render any political service, and no person shall be removed or otherwise prejudiced for refusing so to do. No person in the said civil service shall discharge or promote or reduce, or in any manner change the official rank or compensation of any other person in said service, or promise or threaten so to do for giving or withholding or neglecting to make any contribution of money or service or any other valuable thing for any political purpose. No person in said service shall use his official authority or influence to coerce the political action of any person or body, or to interfere with any election."

This section of the statute expressly prohibits those having the power of removal from exercising that power so

as to remove from office or employment any person on account of his political opinions or affiliations. When he is removed from his office or employment upon this ground he may seek reinstatement by a writ of mandamus. The decisions rendered in the courts below upon the question now presented for determination have not been uniform. In *People ex rel. Gallup* v. *Williams* (139 App. Div. 355); *People ex rel. Percival* v. *Cram* (29 Misc. Rep. 359), and *People ex rel. Boyd* v. *Hertle* (28 Misc. Rep. 37) it was held that reinstatement by mandamus would be compelled. In *People ex rel. Garvey* v. *Prendergast* (148 App. Div. 129); *People ex rel. Ryer* v. *Voorhis* (151 App. Div. 926), and *People ex rel. Stewart* v. *Carlisle* (162 App. Div. 920) this relief was refused. Mandamus is the only remedy by which the relator may be reinstated in his office or employment, and in our opinion it is the appropriate remedy to invoke in a case of this character. In *People ex rel. Ambrose* v. *Tompkins* (208 N. Y. 353, 358), upon the trial of the issues raised by the return to the alternative writ of mandamus, the question arose whether the relator had the right to prove that he was removed from his position for political reasons, and this court held that such evidence was competent. In that case, this court, speaking through Judge HOGAN, said: " If we assume for argument's sake that the respondent had stated to relator that the failure on the part of the latter to resign would result in his removal from his office for the reason that the relator was not affiliated with the same political party of which the respondent was a member we do not believe the admissibility of such evidence would be questioned."

Two arguments are made in the effort to induce us to interpret the statute so as to deny the right to mandamus. It is argued that as other provisions of the Civil Service Law provide specifically for a remedy by mandamus, the failure of section 25 specifically so to provide is indicative of the legislative intention not to permit one who is

removed in violation of its provisions to be reinstated. Section 25 prescribes a rule binding upon public officials, and where one is removed from his office or employment in violation of its provisions, we think it is clear that the legislature intended that the same remedy should be available to him that is accorded to other employees in the civil service who are removed in violation of law. The courts have frequently compelled reinstatement by means of mandamus where removals in violation of law have been made, even though the statutes prohibiting such removals did not specifically authorize reinstatement by mandamus. (*People ex rel. Fleming* v. *Dalton,* 158 N. Y. 175; *Matter of Shepard* v. *Oakley,* 181 N. Y. 339, 345; *Matter of Griffin* v. *Thompson,* 202 N. Y. 104.) The provisions of section 25 are not merely advisory or directory; they are mandatory and were intended to be observed, and where these provisions are disregarded and one who is employed in the civil service is removed, he is entitled to reinstatement. Section 25 not only prohibits removals for political reasons, but it also prohibits removals for failure to make any contribution " for any political purpose." Can it be if one is removed because he fails to make a contribution to a political party he may not be reinstated in his office or employment? In such a case reinstatement is clearly the right of the party removed, and mandamus the appropriate remedy by which this right may be enforced. If reinstatement can be compelled where one is removed for his failure to make a contribution to a political party there can exist no reason for denying reinstatement to one who is removed in violation of other provisions of the same section which prohibit the removal for political reasons. It is also argued that to permit one who is removed for political reasons to seek reinstatement would result in mischief. It seems to us that the mischief results from the violation of the statute, not from compelling reinstatement in cases where removal is made in

violation of law. The form in which this case comes to this court requires us to assume that the relator was removed from his employment solely for political reasons. Under these circumstances he is entitled to reinstatement. It follows that the order of the Appellate Division should be reversed, with costs in this court and the Appellate Division, and the order of the Special Term affirmed.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and CARDOZO, JJ., concur.

Order reversed, etc.