In the Matter of FRANK E. MERRIWEATHER, Respondent, against CARROLL J. ROBERTS et al., as Members of the BOARD OF HEALTH OF THE CITY OF BUFFALO, et al., Appellants.

(Argued April 29, 1935; decided May 28, 1935.)

13

*Gregory U. Harmon, Corporation Counsel (Andrew P. Ronan* of counsel), for appellants. The moving papers fail to show a clear legal right to an order of mandamus. (*Matter of Meehan* v. *Flaherty,* 119 App. Div. 128; *Chiaverini* v. *Murray,* 237 App. Div. 856; *Walsh* v. *Patterson,* 239 App. Div. 757; *People ex rel., Hannan* v. *Board of Health,* 153 N. Y. 513.) Section 25 of the Civil Service Law (Cons. Laws, ch. 7) is not intended to be enforceable in reference to non-competitive positions or those in the labor class. (*Matter of Stutzback* v. *Coler,* 168 N. Y. 416; *People ex rel. Davison* v. *Williams,* 213 N. Y. 130; *Matter of Fornara* v. *Schroeder,* 261 N. Y. 363; *People ex rel. Garvey* v. *Prendergast,* 148 App. Div. 129; *People ex rel. Gallup* v. *Williams,* 139 App. Div. 355.)

*Gilbert J. Pedersen* for respondent. Section 25 of the Civil Service Law prohibits the removal of a civil service employee in the non-competitive class where the removal is influenced or affected by the political opinions and affiliations of the employee so removed. (*Chittenden* v. *Wurster,* 152 N. Y. 345; *Rogers* v. *Common Council of Buffalo,* 123 N. Y. 173; *People ex rel. Goldschmidt* v. *Travis,* 167 App. Div. 475; *People ex rel. Gallup* v. *Williams,* 139 App. Div. 355; *People ex rel. Somerville* v. *Williams,* 217

N. Y. 40.) Mandamus is the only appropriate remedy available to the petitioner. (*People ex rel. Somerville* v. *Williams*, 217 N. Y. 40.)

HUBBS, J. The respondent held the position of assistant bathhouse keeper, a position in the non-competitive class under rule 20 of the classified civil service of the city of Buffalo. Upon a change in the city administration, the Board of Health, upon the payroll of which respondent's name appeared, removed him from his position. He has instituted this proceeding for a mandamus order directing his reinstatement. The removal he alleges was on account of his political affiliations. He contends that he was removed in violation of section 25 of the Civil Service Law (Cons. Laws, ch. 7), which reads as follows: " Recommendations for appointment or promotion. No recommendation or question under the authority of this chapter shall relate to the political opinions or affiliations of any person whatever; and no appointment or selection to or removal from an office or employment within the scope of the rules established as aforesaid, shall be in any manner affected or influenced by such opinions or affiliations. No person in the civil service of the state or of any civil division or city thereof, is for that reason under any obligation to contribute to any political fund or to render any political service, and no person shall be removed or otherwise prejudiced for refusing so to do. No person in the said civil service shall discharge or promote or reduce, or in any manner change the official rank or compensation of any other person in said service, or promise or threaten so to do for giving or withholding or neglecting to make any contribution of money or service or any other valuable thing for any political purpose. No person in said service shall use his official authority or influence to coerce the political action of any person or body, or to interfere with any election."

The Special Term granted an alternative mandamus order directing the Board of Health to reinstate him as

of the date of his removal or show cause why the same should not be done. This order the Appellate Division unanimously affirmed and from its order of affirmance it has granted leave to appeal upon the question above certified. The non-competitive class under rule 20 of the classified civil service of the city of Buffalo includes such positions as are not in the exempt class or the labor class and which it is impracticable to include in the competitive class. To fill a vacancy in the non-competitive class an appointing officer may nominate a candidate for appointment subject to such non-competitive or qualifying examination as the Civil Service Commission of the city shall determine to be appropriate for the position. No appointment may be made until the Commission shall certify that the person is qualified.

Upon this appeal no question is presented with respect to the qualifications of the respondent for the position which he occupied. It is to be assumed that he was duly appointed after examination and certification by the Civil Service Commission. The sole question is as to whether, if it be found that he was removed for political reasons, the court has power to reinstate the petitioner. Determination of that question is dependent upon what may be found to be the true purpose and effect of section 25 of the Civil Service Law when applied to one in the non-competitive class. That section was under consideration in *People ex rel. Garvey* v. *Prendergast* (148 App. Div. 129), where a deputy city paymaster in the Department of Finance in the city of New York was removed as he alleged for political reasons. The position which he occupied was in the exempt class, a class for which it is deemed impracticable or inadvisable to prescribe rules. That class includes in the State service deputies of principal executive officers, one secretary of each officer, board or commission authorized by law to appoint a secretary, one clerk and one deputy clerk of each court and one clerk of each elective judicial officer, and all

unskilled laborers and skilled laborers not included in the competitive or non-competitive class and all subordinate offices for the filling of which competitive or noncompetitive examinations may be found to be not practicable. (Civil Service Law, § 13.)

In cities, unskilled laborers and such skilled laborers as are not included in the competitive class or the non-competitive class are included under a separate classification known as the labor class. (Civil Service Law, § 18.)

With respect to the position under consideration in *People ex rel. Garvey* v. *Prendergast* (*supra*, p. 134), the court, referring to section 25, said: "The statute, then, may be construed to mean that no appointment or selection to or removal from an office or employment shall be in any manner, within the intent and purpose of the rules established as aforesaid, affected or influenced by such opinions or affiliations. * * * If it applies to positions in the exempt class, it directs the principal executive officers not to be affected or influenced by political opinions or affiliations in the selection of deputies, authorized to act generally for and in their place, and of private secretaries who are to maintain the most confidential relations with them. * * * In a government by parties it is to be expected that the principal executive officers, the heads of departments, whether appointed or elected, and their deputies and secretaries, will be selected with some reference at least to the political opinions and affiliations of the appointees, and it is plain that the legislature did not intend to direct otherwise. The purpose of creating an exempt class would be defeated if the motives of the appointing officer could be inquired into. * * * Briefly, then, insofar as the question before us is involved, the scheme of the statute appears to have been as follows: (a), To divide the classified service into two classes: 1, a class concerning which it was not deemed practicable or advisable to prescribe rules and which was, therefore, called 'exempt'; 2, a class, consisting of the

competitive, non-competitive and labor classes, concerning which it was practicable to prescribe rules governing removals and appointments, and to test by examinations the qualifications of persons to be appointed in all but the labor class; (b), With respect to the second class, to confer certain preferential rights upon specified classes of persons and to give them the remedy of the writ of mandamus for a violation of those rights; (c), To limit removals from certain specified positions, *i. e.*, those in the competitive class and of a regular clerk or head of a bureau, by providing that the reasons for removal be stated and recorded, that an opportunity of making an explanation be afforded the person removed, and that a person removed in disregard of that provision be given the remedy of the writ of mandamus; (d), To guard the second class, in so far as practicable, from political influence by providing that appointments to, or removals from, positions in it should not be affected or influenced by the political opinions or affiliations of the persons appointed or removed. But in view of the manifest mischief likely to result from conferring the remedy of the writ of mandamus upon a person removed in violation of that provision, that remedy was withheld and the said provision was intended to be directory only. We conclude, therefore, that said section 25 does not apply to positions in the exempt class and that, even if it did, the relator would not be entitled to the remedy sought in this proceeding."

In *People ex rel. Somerville* v. *Williams* (217 N. Y. 40, 44) it was said that, despite the fact that section 25 does not provide specifically for a remedy by mandamus as do sections of the law dealing with certain violations and specified classes of persons (§§ 20, 21 and 22) or for penalties for certain violations as do sections 26, 26-a and 27, nevertheless mandamus is available and the appropriate remedy to be invoked by any person removed from office or employment on account of his political

opinions or affiliations. The court said: " The provisions of section 25 are not merely advisory or directory; they are mandatory and were intended to be observed, and where these provisions are disregarded and one who is employed in the civil service is removed, he is entitled to reinstatement. Section 25 not only prohibits removals for political reasons, but it also prohibits removals for failure to make any contribution ' for any political purpose.' Can it be if one is removed because he fails to make a contribution to a political party he may not be reinstated in his office or employment? In such a case, reinstatement is clearly the right of the party removed, and mandamus the appropriate remedy by which this right may be enforced. If reinstatement can be compelled where one is removed for his failure to make a contribution to a political party there can exist no reason for denying reinstatement to one who is removed in violation of other provisions of the same section which prohibit the removal for political reasons. It is also argued that to permit one who is removed for political reasons to seek reinstatement would result in mischief. It seems to us that the mischief results from the violation of the statute, not from compelling reinstatement in cases where removal is made in violation of law."

In that case the court had before it for determination, as stated in the opinion, " a single question of law, viz., whether one who holds an office in the competitive class of the state civil service who is removed solely for political reasons is entitled to reinstatement."

Employees in the competitive class of the civil service of the State or of any civil division thereof are not subject to removal except upon charges to be preferred in writing. (Civil Service Law, § 22, subd. 2; Charter of City of Buffalo, § 444; Local Law, No. 4, 1927; Local Laws, 1932, p. 21.)

They constitute a protected class in that they can only qualify for their positions through competitive examina-

tions and may only be removed after opportunity to answer written charges, which charges and answer must be made a part of the records of the Commission.

An employee in the competitive class would seldom be called upon to invoke the remedy referred to in *People ex rel. Somerville* v. *Williams* (*supra*), as available under section 25. If the fact of dismissal by reason of political opinions or affiliations were to appear from the charges filed, the remedy by mandamus prescribed by section 22 would be ample, and if fictitious grounds were stated in the charges to cover a removal for political opinions or affiliations the charges could ordinarily be refuted and reinstatement obtained through mandamus under section 22. In any event, much more cogent reason appears for affording the extraordinary remedy of mandamus held to be available under section 25 to an employee in the competitive class who has earned his appointment through competitive examination than to one recommended for appointment by a partisan official or board and subjected only to a qualifying non-competitive test by the Commission, or to a laborer or other employee not afforded special protection by the statute who is appointed without examination as to fitness.

The statements in the opinion in *People ex rel. Somerville* v. *Williams* (*supra*), referring to the exempt, non-competitive and labor classes, and indicating that they should be grouped with the competitive class as entitled to a remedy by mandamus for removal in violation of section 25, were unnecessary in deciding the question before the court which related solely to a member of the competitive class and the decision should be limited to the question before the court in that case.

Repeated efforts have been made by the Legislature to extend the benefits of tenure in employment to those in the non-competitive class which have resulted, doubtless through the proven unworkability of the plan, in repeal of the provisions enacted for their benefit. Such

is the history of section 31 of the Civil Service Law and section 444 of the charter of the city of Buffalo. Such benefits have, however, been extended to limited classes of such employees, as honorably discharged soldiers, sailors and marines. (Civil Service Law, § 22.) To attempt, by judicial construction, to extend the classification beyond the limits set by the Legislature or to find an unexpressed intent to grant remedies not by it prescribed seems neither necessary nor advisable. If every employee or appointee in the classified civil service whose position has been obtained without the requirement of passing a competitive examination were to be accorded upon dismissal the right to mandamus to review the action of the employing officer or board responsible for his discharge upon the sole ground here under consideration, either chaos would result through the flooding of the courts with mandamus proceedings or there would result an extension beyond the clear legislative intent of the tenure of office features of the civil service.

The effect of the decision of the Appellate Division would be to make the administration of the Civil Service Law so impracticable that it could not be enforced. In the end, such a condition would tend to the nullification of the law. The courts have definitely decided that section 25 does not apply to the exempt class. The same reasoning requires a holding that it does not apply to the non-competitive class.

The orders of the Appellate Division and of the Special Term should be reversed and the petition dismissed, with costs in all courts. The question certified should be answered in the negative.

O'Brien, J. (dissenting). This petitioner, Merriweather, proved his merit and fitness for the position of assistant bathhouse keeper of the city of Buffalo by qualifying in a non-competitive examination and in December, 1930, he was appointed to that position. In April, 1934, he was removed by the Board of Health,

solely for political considerations as he alleges, and another person of the same political affiliations as those of the members of the Board of Health was appointed in his place. His allegations relating to the cause of his removal are denied by the removing officers and, on the issue thus created, the court at Special Term made an alternative order of mandamus to enable a jury to determine the fact. The Appellate Division has unanimously affirmed the order of the Special Term. The majority of this court is now holding that the effect of this decision is to make the administration of the Civil Service Law so impractical that it could not be enforced. The answer to this doctrine is found in the following statement by this court in *People ex rel. Somerville* v. *Williams* (217 N. Y. 40, 44): " It is also argued 'that to permit one who is removed for political reasons to seek reinstatement would result in mischief. It seems to us that the mischief results from the violation of the statute, not from compelling reinstatement in cases where removal is made in violation of law."

A jury might not credit petitioner's allegations, but the proposition seems plain that the provisions of section 25 of the Civil Service Law confer the right, in the event that the alleged facts are proved, to reinstatement by mandamus. If the argument of the removing officers is correct, the statute does not prevent them from summoning any of their subordinates to their presence, assuring him that he is honest and efficient, expressing fulsome sympathy for him and his family, informing him that, to their sincere regret, he is a member of an opposing political party or faction, that, solely for political considerations, they are constrained to remove him and to appoint one of their own political supporters in his place, and the law affords no redress to the subordinate thus illegally removed. This argument is in complete conflict with the principle of this court's unanimous decision in *People ex rel. Somerville* v. *Williams* (*supra*).

Section 25 provides: " No recommendation or question under the authority of this chapter shall relate to the political opinions or affiliations of any person whatever; *and no* appointment or selection to or *removal from an office or employment within the scope of the rules* established as aforesaid, shall be in any manner affected or influenced by such opinions or affiliations." This petitioner's position is in the non-competitive class of the classified civil service and, like positions in the competitive class, is within the scope of the rules established by the Civil Service Law. Offices in the unclassified service and offices and positions in the exempt class of the classified service are not within the scope of these rules and the effect of section 25 upon them does not immediately require actual decision. Two decisions in the lower courts, *People ex rel. Gallup* v. *Williams* (139 App. Div. 355), and *People ex rel. Garvey* v. *Prendergast* (148 App. Div. 129) dealt with political removals. In the *Gallup* case the Appellate Division in interpreting section 25 held that the State Comptroller " has power to remove an employee in his office for any cause *other than political considerations* " and that mandamus will lie to test the issue of fact whether the removal was based upon political considerations. In the *Garvey* case the Appellate Division in another department decided that mandamus will not lie. In the *Somerville* case, while the relator occupied a position in the competitive class, we accepted the rule in the *Gallup* case and rejected the one announced in the *Garvey* case. The ruling which this court made in reference to political removals of employees in the competitive class controls appointment to and removal from employment in the non-competitive class, for both classes are within the scope of the rules established in pursuance of the Civil Service Law.

The principle enforced in our decision in *People ex rel. Somerville* v. *Williams* (*supra*) is decisive on the two elements presented in the case now before us: (1) The

statute is not merely directory but is mandatory, and (2) mandamus to compel reinstatement is the appropriate remedy. That this legislation amounts to something more than a gentle suggestion and a benevolent admonition to depart from the practice described by the " semibarbarous maxim that ' to the victors belong the spoils ' " (*Rogers* v. *Common Council of Buffalo*, 123 N. Y. 173, 177), is directly decided in the *Somerville* case. Even in the absence of this controlling precedent, the intention seems manifest. Section 25 is a peremptory command to refrain from indulgence in conduct which has long since been abandoned by nearly all civilized governments, and it necessarily confers the appropriate remedy to redress the legal wrong. Few reported cases are involved in less doubt than our decision in the *Somerville* case on the effect of section 25 over positions within the scope of the civil service rules. A unanimous court concurred in this language: " This section of the statute expressly prohibits those having the power of removal from exercising that power so as to remove from office or employment any person on account of his political opinions or affiliations. When he is removed from his office or employment upon this ground he may seek reinstatement by a writ of mandamus. * * * Mandamus is the only remedy by which the relator may be reinstated in his office or employment, and in our opinion it is the appropriate remedy to invoke in a case of this character. * * * Section 25 prescribes a rule binding upon public officials, and where one is removed from his office or employment in violation of its provisions, we think it is clear that the Legislature intended that the same remedy should be available to him that is accorded to other employees in the civil service who are removed in violation of law. The courts have frequently compelled reinstatement by means of mandamus where removals in violation of law have been made, even though the statutes prohibiting such removals did not specifically authorize reinstatement by mandamus.

\* \* \* The provisions of section 25 are not merely advisory or directory; they are mandatory and were intended to be observed, and where these provisions are disregarded and one who is employed in the civil service is removed, he is entitled to reinstatement " (pp. 42, 43, 44). This explicit language of the opinion is not limited to political removals from the competitive class. It is applicable by its strict terms to " any person " and it refers not only to employments, which include positions in the non-competitive class, but also to offices. Perhaps the range of that decision might not be held to be so broad as to include high appointive officers, for such officials usually are appointed by reason of the political and economic doctrines which they hold. As to them their conception of fundamental theories of government rather than efficiency in the subordinate details of routine administration are considerations which may properly appeal to the appointing power. The statutory refusal to fetter the exempt class by rules and regulations might perhaps be taken as an indication of a legislative intent to vest heads of departments with a discretion, even amounting, perhaps, to a discretion in the partisan political sense, over the appointment and removal of deputies and other confidential assistants whose conception of government similar to those of their superiors, may promote harmonious and efficient administration. However, the opinions in the *Somerville* and *Gallup* cases contain the strongest judicial intimation short of an actual decision that the statute applies to all subordinates in the public service.. Whatever may be the legislative intent respecting officers and employees in the exempt class, the language of section 25, as interpreted by this court in the *Somerville* case, leaves no room for reasonable doubt that it expressly forbids that appointment to or removal from *positions within the scope of the rules established pursuant to the Civil Service Law* shall be affected or influenced by political opinions or affiliations. In most enlightened

communities, opinion is directed toward the view that public employment of a purely administrative or ministerial character bears no legitimate relation to party service, and doubtless section 25 represents the legislative response to this intelligent sentiment. This petitioner, whose position is within the scope of the civil service rules, to the same extent as was Somerville, is plainly entitled, it seems to me, to his day in court to prove, if he can, that his removal was made in contravention of law. If counsels of expediency are to prevail, such doctrine ought logically to be extended to all other claims which may be presented to the courts in large numbers. The fact that the courts are flooded with a great volume of litigation in relation to taxes, negligence and many other forms of action has never been regarded as a reason for excluding those who may be able to prove valid claims and for depriving them of all remedy.

LEHMAN, CROUCH and LOUGHRAN, JJ., concur with HUBBS, J.; O'BRIEN, J., dissents in opinion, in which CRANE, Ch. J., and FINCH, J., concur.

Orders reversed, etc. (See 268 N. Y. 632.)