In the Matter of Louis H. Neubeck, Respondent, against Franklin E. Bard et al., Constituting the Erie County Park Commission et al., Appellants.

Submitted May 21, 1937; decided July 13, 1937.

*Jacob Tick, F. Paul Norton* and *Paul J. Batt* for appellants. Section 21 of the Civil Service Law (Cons. Laws, ch. 7), so far as it relates to preference in appointment to a position in the non-competitive class, is unconstitutional. (*Matter of Barthelmess* v. *Cukor,* 231 N. Y. 436; *Matter of Keymer,* 148 N. Y. 219; *Matter of Merriweather* v. *Roberts,* 268 N. Y. 12; *Matter of Sherrill* v. *O'Brien,* 188 N. Y. 185.)

*Manly Fleischmann* and *Henry Altman* for respondent. Section 21 of the Civil Service Law is constitutional. (*Matter of Keymer,* 148 N. Y. 219; *Matter of Stutzbach* v. *Coler,* 168 N. Y. 416; *Matter of Potts* v. *Kaplan,* 264 N. Y. 110; *Matter of Byrnes* v. *Windels,* 265 N. Y. 403; *Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435.) The failure of the Park Commission to nominate the petitioner for examination is not a defense to the proceeding. (*Matter of Ricketts,* 111 App. Div. 669; *People ex rel. Weintz* v. *Burch,* 79 App. Div. 156; *Matter of Whaley* v. *Perkins,* 231 App. Div. 502; *People ex rel. Qua* v. *Gaffney,* 142 App. Div. 122; *Matter of Danziger* v. *Rice,* 245 App. Div. 671.)

O'BRIEN, J. Petitioner is a disabled veteran of the World war within the definition of section 21 of the Civil Service Law (Cons. Laws, ch. 7). Prior to January 1, 1935, he filed with the State Civil Service Commission and with the Erie County Park Commission a written application for appointment to the position of supertendent of Ellicott Creek Park and a claim for preference in appointment. That position is classified as noncompetitive. May 1, 1935, a vacancy occurred therein and on July 9, 1935, the Park Commission assumed to appoint appellant Cheetham. July 30, 1935, the Civil Service Commission required petitioner and other applicants to submit to non-competitive qualifying examinations for that position; on October 1, 1935, it allowed petitioner's claim for preference as a disabled veteran and approved his physical qualifications; on January 2, 1936, it determined that he was fully qualified by reason of experience and knowledge, and on January 23, 1936, it directed the Park Commission to terminate Cheetham's employment and to appoint petitioner. Cheetham's qualifications have never been recognized by the Civil Service Commission. Of all the applicants for that position petitioner's qualifications are the only ones which have been so recognized.

Assuming the invalidity of Cheetham's appointment, the question remains whether, on this record, petitioner has shown himself to be entitled to compel his appointment. Article V, section 6, of the Constitution, after providing that appointments and promotions in the civil service " shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive," directs that disabled veterans of the type of this petitioner shall be entitled to preference in appointment and promotion, " without regard to their standing *on any list from which such appointment or promotion may be made.*" Section 21 of the Civil Service Law assumes to grant a

preference to the same type of veteran " without regard to their standing on any list from which such appointment or promotion may be made to all competitive *and noncompetitive* positions provided their qualifications and fitness shall have been ascertained as provided in this chapter and the rules and regulations in pursuance thereof." In so far as section 21 refers to positions in the competitive class it does not proceed beyond the authority conferred by the Constitution. *(Matter of Potts* v. *Kaplan,* 264 N. Y. 110, 114.) Section 17 of the Civil Service Law provides: " The non-competitive class shall include such positions as are not in the exempt class òr the labor class and which it is impracticable to include in the competitive class. Appointments to positions in the non-competitive class shall be made after such non-competitive examination as is prescribed by the rules." Rule XIX reads: " 1. The positions in the non-competitive class must be filled by such persons as upon proper non-competitive examinations shall be certified as qualified to discharge the duties of such positions by an examiner or examiners selected or appointed for that purpose by the Commission. *The head of any office,* department or institution in which there may be a vacancy or vancancies in any position or positions in this class, *may name for examination a person for each vacancy* * * *. 2. The Commission shall select, appoint and commission examiners or boards of examiners to test the qualifications of *persons named for employment in positions in the non-competitive class* * * *." The Park Commission has never named this petitioner for employment or examination for this non-competitive position. In *Matter of Merriweather* v. *Roberts* (268 N. Y. 12, 15) this court stated the method by which the Constitution, the statute and the rules provide for appointment to positions in the non-competitive class. " To fill a vacancy in the non-competitive class *an appointing officer may nominate a*

*candidate for appointment* subject to such non-competitive or qualifying examination as the Civil Service Commission of the city shall determine to be appropriate for the position. No appointment may be made until the Commission shall certify that the person is qualified." In the non-competitive class, as distinguished from the competitive class, no lists are required and, except in one instance, do not exist. The expression " any list," as used in the Constitution, means a list, if existing. The process by which an appointment in the non-competitive class is made originates with the appointing power. The language of article V, section 6, of the Constitution by the incorporation of the words " any *list* from which such appointment or promotion may be made " has reference to the competitive and the labor classes, for the reason that only in those two classes, when a single position is to be filled, lists are required. There is one exception in respect to the non-competitive class by which rule XIX declares that the Civil Service Commission may provide by special regulation that, in any institution where a number of persons are employed in the same grade, the employing officer may name for examination more than one person, in order that there may be a *list* of qualified persons from which to make an immediate selection in case of vacancy. It is in the event of the existence of such a list that the provision of section 21 of the Civil Service Law relating to a list from which an appointment to a non-competitive position must be made is applicable. The Constitution, the statute and the rules give preference in appointment and promotion only to those disabled veterans whose names appear on an eligible list. In respect to positions in the non-competitive class the policy of the fundamental law, supplemented by section 17 of the statute and rule XIX made in pursuance thereof, is to allow initiation by the appointing power and, in the absence of a list, to permit discretionary appointment by him subject to proof of merit and fitness as demon-

strated by a qualifying non-competitive examination. (*Matter of Merriweather* v. *Roberts, supra.*) The law contemplates that appointments are to be made to positions in this class by the head of the department exclusively and not by the applicant nor by the Civil Service Commission. Nothing in the Constitution confers upon a veteran a preference in the right to take a qualifying examination for a competitive or a non-competitive position. (*Matter of Keymer,* 148 N. Y. 219.) Only such persons are eligible for such an examination as are nominated by the appointing power. (*Matter of Merriweather* v. *Roberts, supra.*)

The decision in *People ex rel. Fonda* v. *Morton* (148 N. Y. 156) can have no application to the facts in this record. The opinion in that case states that the only question before the court was whether the relator was entitled to a notice and hearing before he could be removed and the decision was that he had no such right. All that the Constitution intends is that when, as the result of examinations, a list is made up, consisting of those whose merit and fitness have been duly ascertained, then the veteran is entitled to preference in appointment without regard to his standing on the list. (*Matter of Keymer, supra.*)

The orders should be reversed and the petition dismissed with costs in all courts. The certified question should be answered in the negative.

CRANE, Ch. J. (dissenting). Louis H. Neubeck is a disabled war veteran. On September 25, 1934, he filed with the Erie County Park Commission a written instrument claiming preference in appointment to the position of superintendent of any of the county parks, pursuant to sections 21 and 22 of the Civil Service Law. In disregard of such application or notice, the Commission on July 9, 1935, appointed the appellant John W. Cheetham as superintendent of Ellicott Creek Park, who thereafter entered upon the performance of his duties.

Neubeck as a war veteran was given a preference in appointment to this vacancy which could not be taken away or nullified by any rule of the Commission regarding *forms* of application or lists or recommendation of the appointing power. Laws and rules are to carry out, not abolish, the constitutional provisions, provided of course that upon examination the veteran can perform the duties. In this case an examination has disclosed Neubeck's qualifications. Article V, section 6, of the State Constitution reads: "Appointments and promotions in the civil service of the state, and of all the civil divisions thereof * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations, which, so far as practicable, shall be competitive; provided, however, any honorably discharged soldiers * * * shall be entitled to preference in appointment and promotion, without regard to their standing on any list from which such appointment or promotion may be made. Laws shall be made to provide for the enforcement of this section."

The Civil Service Law was passed to fulfill this last command. Section 21 indicates that the veterans' preference applies to non-competitive and labor class as well as the competitive. Whenever any list of eligible persons shall contain the names of honorably discharged soldiers, etc., they shall head the list " and such persons shall be given preference on any list of registered applicants for employment in the *labor* service, in accordance with the dates of their several applications as though such application had been filed prior to those of any persons on such lists not entitled to the preference provided by this section."

Rules, regulations, forms or blanks shall be adopted to carry out these provisions of the law.

Any and every rule adopted by the Civil Service Commission must be in harmony with the letter and purpose of these sections of the Constitution and the Civil Service Law.

If rule XIX fails to give an opportunity to a veteran either to be placed upon a list or to be appointed because no list is made up or because the head of a department " recommends " only one appointment, ignoring a veteran who has made a demand or application for the place or for an examination, then that rule is inconsistent with veterans' rights, which cannot be evaded or avoided by failing to create a list. This would be an easy way to exclude veterans who were not wanted.

Rule XIX reads: " Employment in the non-competitive class. 1. The positions in the non-competitive class must be filled by such persons as upon proper non-competitive examinations shall be certified as qualified to discharge the duties of such positions by an examiner or examiners selected or appointed for that purpose by the commission. The head of any office, department or institution in which there may be a vacancy or vacancies in any position or positions in this class, may name for examination a person for each vacancy. The commission may provide by special regulation that in any institution where a number of persons are employed in the same grade, the employing officer may name for examination more than one person, in order that there may be a list of qualified persons from which to make an immediate selection in case of vacancy. Such nomination may be made to the commission, or to an examiner or board of examiners, as the commission may prescribe by regulations."

The Park Commission had notice that Louis H. Neubeck was a veteran and demanded or had made application for the position of Park Superintendent at the next vacancy. When the vacancy occurred for Ellicott Creek Park the Commission should have asked for the examination of Neubeck to fill the place or for the creation of a list including Neubeck if he were found fit. This rule does not give discretion to the head of any department to name for examination any person he pleases, ignoring all veterans who have applied. If he knows that a

veteran has made a demand for the vacancy or the position he must name such veteran for examination or else ask for a list from which to make the appointment. If this be not so the door is wide open for evasion of the Constitution and the Civil Service Law. This rule XIX must be read in harmony with these fundamental laws; in fact it is difficult to read it otherwise.

The order awarding mandamus to the petitioner should be affirmed, and the question answered in the affirmative.

LEHMAN, HUBBS and RIPPEY, JJ., concur with O'BRIEN, J.; CRANE, Ch. J., dissents in opinion in which LOUGHRAN and FINCH, JJ., concur.

Orders reversed, etc.