In the Matter of the Application of Frank J. Rohr, Petitioner, for an Order against Edwin B. Kenngott, County Clerk of Erie County, New York, Respondent.*

Grace A. Reavy and Others, as and Constituting the State Civil Service Commission of the State of New York, Additional Parties, Respondents.

Supreme Court, Special Term, Erie County, April 29, 1940.

*William Brennan, Jr.*, for the petitioner.

*Paul J. Batt* [*Elmer R. Weil* of counsel], for the defendant Edwin B. Kenngott.

*John J. Bennett, Jr.*, Attorney-General [*James P. Cotter* of counsel], for the State Civil Service Commission.

* Affd., 262 App. Div. 944.

SWIFT, J.   On January 1, 1937, the petitioner was duly appointed cashier in the mortgage tax bureau of the Erie county clerk's office. That position was at that time in the exempt class.   In August, 1939, by order of the State Civil Service Commission, with the approval of the Governor, it was transferred to the competitive class, and the petitioner continued to hold the same until January 1, 1940, when he was removed by the respondent without reasons stated.

Petitioner contends that his removal was in contravention of subdivision 2 of section 22 and section 25 of the Civil Service Law while the respondent claims that these sections have no application. This controversy raises several questions which may be dealt with separately.

Respondent claims that petitioner as cashier was a personal employee of the county clerk and not in the civil service of the State, because the Tax Law (§§ 261–263) provides that the county clerk shall collect the mortgage tax and be responsible therefor, and out of the moneys collected pay the cashier's salary after the same has been approved and allowed by the State Tax Commission. Section 2 of the Civil Service Law defines the civil service of the State as including all offices and positions of trust or employment in the service of the State except such offices and positions in the militia.   Petitioner was certainly doing work ordered by the State and paid for out of public moneys.   The fact that he was paid by the county clerk or appointed or removed by him did not take his position out of the State civil service.   (*Matter of Seeley* v. *Stevens*, 190 N. Y. 158.)   While the precise question was not raised in *Matter of Gilfillan* (127 App. Div. 846), it was assumed by the court that the positions in the Mortgage Tax Bureau, including the position held by the relator, were in the State civil service and to hold otherwise would be contrary to the purpose and aim of the law and the constitutional provision.   (See, also, *O'Donnell* v. *Smith*, 231 App. Div. 482.)

It is contended that the petitioner having passed no competitive civil service examination, is without protection under the law. In favor of this contention respondent cites *Palmer* v. *Board of Education* (276 N. Y. 222) and other cases which hold that an appointment to a position in the competitive class of one who has never taken an examination is unconstitutional; while the petitioner cites *Matter of Fornara* v. *Schroeder* (261 N. Y. 363) and other cases which hold that when one has been legally appointed to a position not in the competitive class, and during such employment his position, upon reclassification, is placed in that class, he may without a violation of the Constitution, continue to fill that position although

he has never taken an examination to determine his merit and fitness. These cases are not inconsistent. The Constitution provides that *appointment* and *promotion* shall be made according to merit and fitness to be ascertained when practicable by an examination. If one is legally appointed to a position . where it is deemed impracticable to hold an examination to determine fitness, and thereafter it is decided that such an examination would be practicable, and the position is placed in the competitive class, the original appointee's continuation to hold that position is not violative of the Constitution because that continuation is not an appointment or promotion. The petitioner was legally appointed and continued to be entitled to the protection of the law after the reclassification of his position.

Respondent urges that the reclassification of petitioner's position by the Civil Service Commission with the approval of the Governor was illegal. The argument revolves very largely around the wisdom of the present classification, and that argument should be addressed to the Commission which is clothed with discretion rather than to the court.

The last sentence of section 22 of the Civil Service Law provides: " Nothing in this section shall be construed to apply to the position of private secretary, cashier or deputy of any official or department or change the provisions of section thirteen of the Civil Service Law." The petitioner held the position of " cashier," and, therefore, section 22 of the law does not apply to his position. This leaves for consideration but one question: Does petitioner's allegation that he was removed because of his political opinions or affiliations entitle him to an order herein because section 25 of the Civil Service Law provides that " No * * * removal from an office or employment * * * shall be in any manner affected or influenced by such opinions or affiliations? " This, as I see it, is the serious question in this proceeding. It has been held that this section has no application to one holding a position in the exempt class, and where such a person has been removed he is not entitled to mandamus to compel his reinstatement on the ground that he was removed for political reasons. (*People ex rel. Garvey* v. *Prendergast,* 148 App. Div. 129.) It has also been held that a person holding a position in the non-competitive class having been removed allegedly because of his political affiliations is not entitled to obtain reinstatement by mandamus. (*Merriweather* v. *Roberts,* 268 N. Y. 12.)

The prohibition against removal without notice of the reasons therefor contained in section 22 applies only to those holding a position in the competitive class, and the last sentence thereof,

quoted above, provides that it shall not apply to the position of private secretary or cashier or a position in the exempt class; therefore, so far as removal is concerned, the law is the same as to one holding a position in the non-competitive class, the exempt class or the position of cashier, and assuming as I must under the cases cited that section 25 has no application to one in the exempt class or the non-competitive class, I must hold that it does not apply to the position of cashier. All the reasons given for the holding in the *Merriweather* case (*supra*) apply with equal force in the case at bar, with the single exception that the enforcement of the law would not be made as difficult by simply adding cashiers, private secretaries and deputies to those within its purview, as if all non-competitive officeholders were added. It is obvious that a public officer should have the right to remove a private secretary at will, and it requires but little imagination to appreciate why the Legislature decided that the same right should apply in the case of a cashier   If a cashier or one in the exempt or non-competitive class were removed for political reasons today, and ordered reinstated tomorrow, he could be removed again the day after for any reason not political or for no reason. The futility of granting the order may have had some influence upon the court. Petitioner argues that if section 25 were not to apply to cashiers, it would have contained a clause similar to that in section 22 which showed that that section was not to apply to them. The language of section 25 is indeed all inclusive. Yet the courts have held that it does not apply to those who are in the exempt class or the non-competitive class, and following the reasoning of those decisions I must hold that it does not apply to petitioner. The argument for petitioner is cogently stated in the dissenting opinion in the *Merriweather* case (*supra*), but this court must follow the prevailing opinion.

The motion of respondent to dismiss the petition is granted, without costs.